IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JET WORKS AIR CENTER MANAGEMENT L.L.C.,<br><br>          Plaintiff,<br><br>   v.<br><br>JETWORKS INTERNATIONAL, INC.,<br><br>          Defendant. | No. C-09-1395 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION** |

    Before the Court is plaintiff's Motion for Default Judgment and Permanent Injunction, filed July 27, 2009. No opposition has been filed. Having read and considered the papers filed in support of the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for September 11, 2009, and rules as follows.

    1. To the extent plaintiff seeks an order permanently enjoining defendant from infringing plaintiff's trademarks in JET WORKS, Registration Number 2,571,311, and JET WORKS AIR CENTER, Application Number 77/594071, plaintiff's motion is hereby GRANTED, and defendant, its agents, employees, representatives, successors, assigns, and all those acting in active concert and participation with them who receive actual notice of this injunction, are hereby restrained and enjoined from infringing said trademarks, either directly or contributorily in any manner, including but not limited to:

        a. Using any reproduction, simulation, counterfeit, copy, or colorable imitation of said trademarks in connection with the manufacture, distribution, advertising, promotion,

1 sale, and/or offer for sale of air charter services or any other aviation services;

2       b. Engaging in any conduct that tends to falsely represent, or is likely to
3 confuse, mislead or deceive purchasers, customers and/or members of the public into
4 believing, that the actions of defendant, the products sold by defendant, or defendant itself
5 is connected or affiliated with, or sponsored, approved or licensed by, plaintiff; and/or

6       c. Affixing, applying, annexing or using in connection with the manufacture,
7 distribution, advertising, promotion, sale, and/or offer for sale or other use of any goods or
8 services, a false description or representation, including words or other symbols, tending to
9 falsely describe or represent such goods or services as being those of plaintiff.

10     2. To the extent plaintiff seeks an order directing the transfer of the domain name
11 www.jetworksinternational.com to plaintiff, plaintiff's motion is hereby DENIED, for the
12 reason that plaintiff has failed to sufficiently allege that defendant registered such domain
13 name with a "bad faith intent to profit" from plaintiff's trademark, as required for a finding
14 of liability under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. §
15 1125(d)(1)(A).[1]  See Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992)
16 (holding "claims which are legally insufficient[ ] are not established by default").  Although
17 plaintiff asserts, in conclusory fashion, defendant acted with such state of mind (see Compl.
18 ¶ 45), plaintiff has failed to address the nine statutory factors relevant to a determination
19 thereof, see § 1125(d)(1)(B)(i), and indeed, on the face of the complaint, all but one of
20 those factors weigh against a finding of bad faith.

21    In particular, the domain name herein at issue consists of defendant's "legal name,"
22 see § 1125(d)(1)(B)(i)(II); (Compl. ¶ 5), defendant uses that domain name in connection
23 with the "bona fide offering of [ ] goods or services," see § 1125(d)(1)(B)(i)(III); (Compl. ¶
24 5), and plaintiff's complaint contains no allegation that defendant lacks intellectual property
25 rights in such domain name, see § 1125(d)(1)(B)(i)(I), that defendant "inten[ded] to divert
26 customers" from plaintiff's "online location," see § 1125(d)(1)(B)(i)(V), that defendant

---

28    [1]Plaintiff's request for an order transferring the above-referenced domain name is based solely on plaintiff's claim under the ACPA.  (See Compl. at 16:8-10.)

"offer[ed] to transfer, sell, or otherwise assign the domain name," see § 1125(d)(1)(B)(i)(VI), that defendant provided "material and misleading false contact information when applying for registration of the domain name," see § 1125(d)(1)(B)(i)(VII), that defendant has registered or acquired "multiple domain names which [defendant] knows are identical or confusingly similar to marks of others," see § 1125(d)(1)(B)(i)(VIII), or that plaintiff's mark is "famous," see § 1125(d)(1)(B)(i)(IX)[2]; see also Corsair Memory, Inc. v. Corsair7.com, No. C 08-3460 SBA, 2008 WL 4820789, at *8 (N.D. Cal. Nov. 4, 2008) (finding plaintiff failed to allege bad faith intent to profit where only two factors favoring plaintiff were defendant's failure to use domain name "for non-commercial free speech purposes" and fact domain name was not "[defendant's] name or personal identifier").

Moreover, even if plaintiff's pleading of its claim under the ACPA is deemed sufficient, the Court finds the relief granted in paragraph 1 above to be adequate to protect plaintiff's rights, and, consequently, an order transferring the above-referenced domain name to plaintiff is inappropriate. See Interstellar Starship Servs., Ltd. v. Epix, Inc., 304 F.3d 936, 948 (9th Cir. 2002) (noting, even where plaintiff has shown violation of ACPA, "the district court retains discretion to fashion appropriate relief, and it need not force the transfer of the offending domain name").

3. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 2, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

[2] The remaining factor looks to the defendant's "bona fide noncommercial or fair use of the mark." See § 1125(d)(1)(B)(i)(IV). As noted, plaintiff has alleged that defendant's use of the domain name at issue was for commercial purposes. (See Compl. ¶ 5.) Plaintiff has cited no authority, however, and the Court has located none, suggesting the presence of this single factor, without more, is sufficient to state a claim under the ACPA.